UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HASKINS-GREEN,<br><br>　　　　　　　Plaintiff,<br>vs.<br>NAVAL MEDICAL CENTER SAN DIEGO;<br>BALBOA HOSPITAL E.R. DEPT.,<br><br>　　　　　　　Defendants. | CASE NO. 06-CV-02006-JM(RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 8** |

Federal Defendants Naval Medical Center San Diego and Balboa Hospital E.R. Department move to dismiss the complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement pursuant to Rule 12(e). Plaintiff Leah Haskins-Green has not responded to the motion. Pursuant to Rule 7.1(d)(1) this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the Rule 8 motion and instructs Plaintiff to file an amended complaint within twenty days of entry of this order.

### BACKGROUND

Plaintiff, proceeding in pro se, commenced this action on September 5, 2006 in the Superior Court of California, County of San Diego. The form complaint was drafted using Judicial Council of California Form 982.1. The complaint generally indicates that she brings this action against Defendant for general negligence as she suffered loss of use of property and general damages. (Compl. at p.3). On September 22, 2006 Defendants removed the action to this court.

/ / /

/ / /

## DISCUSSION

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of a complaint is also appropriate if the complaint is "vague, conclusory, and general and does not set forth any material facts in support of the allegations." North Star Intern v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983). While pro se complaints are construed liberally, litigants are not excused from complying with basic pleading rules of the Federal Rules of Civil Procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The present complaint is too vague and conclusory to provide Defendants with adequate notice of the claims asserted against them. The complaint does not identify the legal claim with sufficient clarity such that Defendants can conduct discovery or prepare a defense to the claim. The complaint does not allege medical negligence, only general negligence. Further, the complaint does not identify any individual involved in the complained of conduct or even allege the date of her injury. Absent such minimal allegations, Defendants cannot be expected to adequately defend against the complaint. Accordingly, the court grants the motion to dismiss under Rule 8(a), and instructs Plaintiff to file an amended complaint within twenty days of entry of this order.

**IT IS SO ORDERED.**

DATED: February 8, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties